UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tiffany Hardon,                                    Case No. 10-12086

    Petitioner,[1]                                Honorable Sean F. Cox

v.

Judge Kenneth J. King, *et al.*,

    Respondents.
_____/

# ORDER
## DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Acting *pro se*, on May 25, 2010, Petitioner Tiffany Hardon ("Hardon") filed an "Ex Parte Notice of Removal" purporting to remove an action to this Court, pursuant to 28 U.S.C. § 1331.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed the Notice of Removal, the Court was not persuaded that it has subject matter jurisdiction.

28 U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).

Under 28 U.S.C. § 1441, "any *civil* action brought in a State court of which the district

---

[1] The Civil Cover Sheet identifies the Plaintiffs as: Judge Kenneth J. King, People of the State of Michigan, and Wayne County Sheriff, and Tiffany Hardon as Defendant. The Notice of Removal, however, identifies Hardon as Plaintiff/Petitioner and Judge Kenneth J. King, People of the State of Michigan and Wayne County Sheriff as "Respondents in Error."

1

courts of the United States have original jurisdiction, may be removed by the defendant" to the federal district court where such action in pending. 28 U.S.C. § 1441(a) (emphasis added). Here, however, Hardon has not identified any civil action pending in state court wherein Hardon is a named defendant.

Therefore, as the party removing party, Hardon was ordered to show cause, in writing, no later than October 4, 2010, why this action should not be dismissed for lack of subject matter jurisdiction. (Docket Entry No. 2). That Show Cause Order further ordered Hardon to "identify the civil action being removed to this Court" and attach a copy of the complaint in that action. (*Id*.).

Hardon failed to file a response to this Court's Show Cause Order by October 4, 2010, but on October 5, 2010, she filed a motion asking for additional time to respond to the Show Cause Order. In an Order entered on October 13, 2010, this Court extended the time for Hardon to respond and ordered her to file a response to this Court's September 15, 2010 Show Cause Order no later than October 21, 2010. (Docket Entry No. 4).

On October 21, 2010, Hardon filed response to the Show Cause Order. In that response, however, Hardon does not identify the civil action she seeks to remove to this Court nor does she attach a copy of the complaint in the action she seeks to remove to this Court.

Accordingly, IT IS ORDERED that this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.[2]

---

[2]Given Hardon's failure to identify the civil action purportedly removed to this Court, and that she filed her Notice of Removal on an "ex parte" basis, the Court concludes that dismissal, as opposed to remand, is appropriate.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 27, 2010

I hereby certify that on October 27, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Tiffany Hardon via First Class Mail at the address below:

Tiffany Hardon
716 St. Aubin
Detroit, MI 48207

S/J. Hernandez
Case Manager